**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHOGHIK HOVHANNISYAN,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-70410<br><br>Agency No. A097-356-760<br><br>MEMORANDUM[*] |
| SHOGHIK HOVHANNISYAN,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-73019<br><br>Agency No. A097-356-760 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Submitted June 2, 2014[**]
Pasadena, California

Before: TROTT and CALLAHAN, Circuit Judges, and BENNETT, District Judge.[***]

Shoghik Hovhannisyan petitions for review of decisions by the Board of Immigration Appeals ("BIA") rejecting her application for asylum, her application for withholding of removal, her application for protection under the Convention Against Torture ("CAT"), and her motion to reopen. We dismiss the petition for lack of jurisdiction, in part, and deny the petition, in part.[1]

I

The BIA agreed with the immigration judge's conclusion that Hovhannisyan's asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B) because her testimony and other evidence regarding the date and circumstances under which she entered the United States was not clear and convincing. Hovhannisyan contends that the immigration judge violated her constitutional right

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Mark W. Bennett, District Judge for the U.S. District Court for the Northern District of Iowa, sitting by designation.

[1] Because the parties are aware of the facts, procedural events and applicable law underlying the dispute, we recite only such information as is necessary to explain our decision.

to due process by exhibiting bias before Hovhannisyan began testifying. Although we generally lack jurisdiction to review the BIA's determination that an asylum application is untimely, we do have jurisdiction over constitutional claims and questions of law. *Singh v. Holder*, 649 F.3d 1161, 1164 (9th Cir. 2011) (en banc). Here, we have jurisdiction to consider Hovhannisyan's constitutional due process challenge based on the immigration judge's alleged bias because the BIA raised the issue sua sponte in its decision. *See Abebe v. Gonzalez*, 432 F.3d 1037, 1041 (9th Cir. 2005) (en banc). Nonetheless, Hovhannisyan's due process challenge fails because she cannot establish prejudice. *See Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011) (noting that an alien asserting a due process violation "bears the burden of proving the alleged violation prejudiced his or her interests").

Even assuming that Hovhannisyan testified credibility and that the immigration judge exhibited bias, Hovhannisyan did not establish a well-founded fear of persecution. Hovhannisyan relies on two alleged incidents to establish past persecution. She was not harmed during the first incident, where two unknown men allegedly directed unspecified threats and insults at her. She allegedly suffered a concussion and some bruises during the second incident, where she was pushed into a wall after approaching two men in police uniforms who were beating her brother and father. These incidents are not "so overwhelming so as to

3

necessarily constitute persecution." *Gu v. Gonzalez*, 454 F.3d 1014, 1020 (9th Cir. 2006). Furthermore, Hovhannisyan also failed to establish an objective fear of future persecution based on the political climate in Armenia. *Lolong v. Gonzalez*, 484 F.3d 1173, 1179 (9th Cir. 2007) (en banc) (indicating an alien cannot demonstrate a well-founded fear of persecution by relying on claims of generalized civil strife). Because Hovhannisyan's constitutional challenge is unavailing, we lack jurisdiction to review the BIA's determination that her asylum application was untimely.

## II

We have jurisdiction to consider Hovhannisyan's challenge to the BIA's withholding of removal and CAT decisions under 8 U.S.C. § 1252. For the reasons that we conclude that Hovhannisyan cannot establish prejudice, we conclude that the BIA's decision denying her applications for withholding of removal and CAT protection were supported by substantial evidence. *See Ren v. Holder*, 648 F.3d 1079, 1094 n.17 (9th Cir. 2011).

## III

We also have jurisdiction to review the BIA's denial of Hovhannisyan's motion to reopen under § 1252. *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1077-78 (9th Cir. 2013). We conclude that the BIA did not abuse its discretion in denying

4

the motion. *Zhao v. Holder*, 728 F.3d 1144, 1147 (9th Cir. 2013). Hovhannisyan failed to demonstrate how the additional evidence of deteriorating country conditions she submitted shows that she is eligible for relief. *See Lolong*, 484 F.3d at 1179. Moreover, the BIA did not abuse its discretion in finding Hovhannisyan ineligible for adjustment of status. Adjustment of status is only available to aliens who were "admitted or paroled" into the United States. 8 U.S.C. § 1255(a). Hovhannisyan, through counsel, conceded to the charge of being present in the United States without admission. As such, the BIA's determination that Hovhannisyan was not eligible for adjustment of status was not "arbitrary, irrational, or contrary to law." *Zhao*, 728 F.3d at 1147.

**PETITION DISMISSED, IN PART, AND DENIED, IN PART.**